UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MORALES** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 21-1992** |
| **CITY OF NEW ORLEANS, OFFICE OF OIG THROUGH ED MICHEL, INTERIM INSPECTOR GENERAL, AND BOBBIE JONES** | *  * | **SECTION "L" (5)** |

## ORDER AND REASONS

Before the Court are Motions to Dismiss Plaintiff's First Amended Complaint by Defendants Ed Michel and Bobbie Jones, R. Doc. 21, and Defendant City of New Orleans, R. Doc. 22. Plaintiff filed oppositions to both motions, R. Docs. 27 and 28, to which Defendants filed replies, R. Docs. 32 and 34. Having considered the briefing and the applicable law, the Court now rules as follows.

### I. BACKGROUND

This case involves alleged employment discrimination by the Office of Inspector General ("OIG") of the City of New Orleans. Plaintiff Kristen Morales alleges that she was employed as a criminal investigator for the OIG from April 18, 2011 until her termination on January 7, 2021. R. Doc. 1 at 3. Plaintiff alleges that she was wrongfully terminated in retaliation for filing a charge of discrimination, opposing discriminatory and unethical practices, and reporting violations of state and federal law. *Id.* at 4. Plaintiff further alleges that, prior to her termination, she was suspended without pay starting on December 14, 2020, and was otherwise subjected to a hostile work environment and intentionally harassed as Defendants sought to wrongfully discipline and terminate her. *Id.* Plaintiff alleges that the retaliation began after she lodged internal complaints in January 2019 claiming that she was treated differently from her male

1

colleagues, including by being required to maintain a certification but not receiving a corresponding pay increase. *Id.* at 4-5. Plaintiff also alleges that Ed Michel ("Michel"), the Interim Inspector of the OIG and Plaintiff's supervisor, contributed to her wrongful termination by falsely claiming that Plaintiff had stolen an iPhone, and that Bobbie Jones ("Jones"), an information technology specialist in the OIG, contributed by hacking into Plaintiff's private Facebook account and downloading information. *Id.* at 19.

Plaintiff filed her first Complaint on October 28, 2021, naming the City of New Orleans ("the City"), Michel, and Jones as defendants. Plaintiff asserts that she has satisfied all administrative prerequisites for filing suit under Title VII and the Louisiana Employment Discrimination Law. *Id.* at 2. Plaintiff avers that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 23, 2020 and filed an amended charge of discrimination on May 10, 2021. *Id.* Plaintiff further avers that the Civil Rights Division of the Department of Justice issued a Notice of Right to Sue on July 30, 2021. *Id.*

Plaintiff filed an Amended Complaint on March 11, 2022. R. Doc. 20. (Plaintiff's Amended Complaint came after Defendants filed motions to dismiss regarding Plaintiff's first Complaint; see R. Docs. 12 and 13). In her Amended Complaint, Plaintiff asserts claims against the OIG for (1) retaliation under Title VII, 42 U.S.C. § 20003-3(a); (2) conspiracy to violate human rights under La. R.S. § 51:2256; (3) violation of the Louisiana Whistleblower Act, La. R.S. § 23:967; (4) deprivation of a vested property right under 42 U.S.C. § 1983; (5) disparate treatment based on gender and race under Title VII, 42 U.S.C. § 2000e-2(a); (6) violations of 42 U.S.C. §§ 1981 and 1983; (7) discrimination based on gender and race under the Louisiana Employment Discrimination Law, La. R.S. § 23:301 et seq.; and (8) conspiracy to interfere with

civil rights under 42 U.S.C. § 1985(3). *Id.* at 24-34. Plaintiff brings her claim for conspiracy to interfere with civil rights against the City in addition to the OIG. *Id.* at 34. Further, Plaintiff brings her claim for deprivation of a vested property right under 42 U.S.C. § 1983 against Michel in addition to the OIG. Plaintiff additionally asserts a claim against Jones for social media hacking in violation of Louisiana Civil Code article 2315. *Id.* at 28, 35. Plaintiff seeks compensatory damages for mental anguish and emotional distress; back pay; loss of future earnings and earning capacity; and loss of benefits. *Id.* at 36. Plaintiff also seeks punitive damages and attorneys' fees. *Id.*

  **II.**  **PRESENT MOTIONS**

  In lieu of answers, Defendants Michel, Jones, and the City filed motions to dismiss for failure to state a claim upon which relief can be granted. In their joint motion, Michel and Jones argue that Plaintiff fails to properly state her claims against them in her Amended Complaint. R. Doc. 21. Specifically, they argue that Plaintiff's claim against Michel for deprivation of a vested property right fails because Plaintiff fails to allege that Michel took any action to deprive Plaintiff of her property interest in her job without due process—or, alternatively, because Michel is entitled to qualified immunity. R. Doc. 21-1 at 6, 13. They further argue that Plaintiff's claim against Jones for social media hacking fails because the tort of social media hacking does not exist under Louisiana law. *Id.* at 15.

  The City, in its motion to dismiss, argues that Plaintiff cannot state a claim against the City for conspiracy to interfere with civil rights because the alleged conspiracy did not cause Plaintiff any injury or deprivation of rights, the City Code prohibits the City from interfering with OIG's personnel decisions, and the City's grievance procedure did not apply to Plaintiff, such that the City was not involved in Plaintiff's termination. R. Doc. 22.

Plaintiff opposes both motions to dismiss. In response to Michel and Jones's motion, Plaintiff argues that she has properly stated a claim against Michel by alleging that she had a vested property interest in her job and that Michel made the decision to terminate her without due process. R. Doc. 28 at 9. Plaintiff also argues that Michel is not entitled to qualified immunity. *Id.* Plaintiff further argues that she has properly stated a claim against Jones because a civil remedy for hacking is implicit in Louisiana's criminal hacking statute. *Id.* at 18. In response to the City's motion, Plaintiff argues that she has properly alleged that the City conspired with OIG to deprive Plaintiff of her employment. R. Doc. 27.

### III.  APPLICABLE LAW

#### a. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a 12(b)(6) motion, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). However, a court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### b. *Deprivation of a Vested Property Right Under 42 U.S.C. § 1983 as a Violation of Procedural and Substantive Due Process*

"Section 1983 provides a cause of action for persons who are subjected to the deprivation of any constitutional right by a person acting under the color of state . . . law." *Phillips ex rel. Phillips v. Monroe Cnty., Miss.*, 311 F.3d 369, 373 (5th Cir. 2002) (citing 42 U.S.C. § 1983). Here, Plaintiff asserts a claim against Michel for deprivation of a vested property right, arguing that Michel's decision to terminate her violated her due process rights by depriving her of a vested property interest in her employment. R. Doc. 20 at 28-29. Plaintiff argues that this deprivation violated both procedural and substantive due process. *Id.* at 29-30. To state a claim for a violation of procedural due process, "a plaintiff must allege facts sufficient to show that (1) she was deprived of a liberty or property interest protected by the due process clause, and (2) . . . she was deprived of that interest without constitutionally adequate process." *LaCroix v. Marshall Cnty., Mississippi*, 409 F. App'x 794, 803 (5th Cir. 2011).

Whether a government employee has a property interest in her continued employment depends on state law. *McDonald v. City of Corinth, Tex.*, 102 F.3d 152, 155 (5th Cir. 1996). "An employee has a property interest in his employment only when a legitimate right to continued employment exists." *Id.* If an employee does have a property right in her continued employment, she is entitled to procedural due process before her employment is terminated. *Id.* In this case, it is undisputed that Plaintiff had a property interest in her continued employment under Louisiana law.

"For a party with a property interest in continued employment, notice and the opportunity to respond are the essential requirements for pre-termination due process." *Parks v. Terrebonne Par. Consol. Gov't*, 759 F. App'x 220, 224 (5th Cir. 2019) (citing *Cleveland Bd. Of Educ. v.*

*Loudermill*, 470 U.S. 532, 546, (1985)). Generally, the pre-termination procedures must include a hearing that constitutes "an initial inquiry whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Helton v. Clements*, 832 F.2d 332, 337 (5th Cir. 1987). The pre-termination hearing "need not be elaborate, and it may be something less than a full evidentiary hearing." *Id.* However, pre-termination process must include the minimum requirements of "oral or written notice of the charges against [the employee], an explanation of the employer's evidence, and an opportunity to present [the employee's] side of the story." *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

Further, the pre-termination procedures "must be coupled with adequate post-termination administrative procedures." *Parks*, 759 F. App'x at 224. Post-termination procedures can make up for pre-termination procedures that were "limited" and only provided the employee the bare minimum of notice and an opportunity to respond. *Browning v. City of Odessa, Tex.*, 990 F.2d 842, 844-45 (5th Cir. 1993). Even when the pre-termination procedures were "constitutionally inadequate," "the error [may be] cured by subsequent post-termination proceedings that include[] written notice of the charges and a public hearing." *Thompson v. Bass*, 616 F.2d 1259, 1266 (5th Cir. 1980) (citing *Glenn v. Newman*, 614 F.2d 467, 472 (5th Cir. 1980)). Adequate post-termination process must provide the employee "a meaningful opportunity to be heard in his own defense within a reasonable time . . . before a tribunal that possesses some expertise and an apparent impartiality toward the charges." *Wells v. Dallas Indep. Sch. Dist.*, 793 F.2d 679, 682 (5th Cir. 1986).

To state a claim for a violation of substantive due process, a plaintiff must show "(1) that [she] had a property interest/right in [her] employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Harrington v. Harris*, 118 F.3d 359, 368

6

(5th Cir. 1997). A public employer's decision is arbitrary and capricious when it "'so lacked a basis in fact' that it could be said to have been made 'without professional judgment.'" *Jones v. Louisiana Bd. of Sup'rs of Univ. of Louisiana Sys.*, 809 F.3d 231, 240 (5th Cir. 2015) (quoting *Texas v. Walker*, 142 F.3d 813, 819 (5th Cir. 1998)). "The bar is high because 'a federal court is generally not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies.'" *Id.* (quoting *Honore v. Douglas*, 833 F.2d 565, 569 (5th Cir. 1987)).

"When a state official is involved in a deprivation of property without adequate predeprivation safeguards, he may be liable (in his personal or official capacity) under the Fourteenth Amendment for violating the due process rights of the person deprived of property." *Charbonnet v. Lee*, 951 F.2d 638, 641 (5th Cir. 1992). However, "[w]hen the state's predeprivation safeguards [were] sufficient," the state official cannot be liable in his official capacity, but only in his personal capacity. *Id.* Moreover, the state official cannot be liable in his personal capacity "when the property loss is not a result of some established state procedure and the State cannot predict precisely when the loss will occur." *Id.* (quoting *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)).

  c. **Qualified Immunity**

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity is 'an immunity from suit rather than a mere defense to liability.'" *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Thus, qualified immunity

7

protects all government officials except "the plainly incompetent or those who knowingly violate the law" from being sued for carrying out discretionary functions. *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). The plaintiff "must satisfy a two-prong test." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). "First, [she] must claim that the defendants committed a constitutional violation under current law. . . . Second, [she] must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id.*

### d. Hacking Under Louisiana Law

The parties disagree as to whether hacking exists as a tort in Louisiana. Plaintiff argues that a civil remedy for hacking is implicitly authorized by the Louisiana criminal statute that prohibits hacking, while Defendants argue that no civil remedy for hacking is available under the statute. Courts consider four factors to determine "whether a private remedy is implicit in a statute not expressly providing one." *Cort v. Ash*, 422 U.S. 66, 78 (1975).

> First, is the plaintiff 'one of the class for whose especial benefit the statute was enacted' . . . that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? . . . Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? . . . And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* (internal citations omitted).

Here, the relevant statute is La. R.S. 14:73.10, which provides, in relevant part:

8

> It shall be unlawful for any person, with the intent to harm, intimidate, threaten, or defraud, to intentionally impersonate another actual person, without the consent of that person, in order to engage in any of the following:
> (a) Open an electronic mail account, any other type of account, or a profile on a social networking website or other Internet website.
> (b) Post or send one or more messages on or through a social networking website or other Internet website.

This statute is part of Louisiana's Criminal Code and does not refer to any civil remedies for the acts it prohibits.

### e. Conspiracy to Interfere with Civil Rights Under 42 U.S.C. § 1985

Section 1985 creates a cause of action against conspiracies to interfere with civil rights, providing:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). To make a claim for conspiracy to interfere with civil rights, a plaintiff must prove four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983). Moreover, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

### IV.   DISCUSSION

> *a. Deprivation of a Vested Property Right Under 42 U.S.C. § 1983 as a Violation of Procedural and Substantive Due Process*

The Court finds that Plaintiff's claim of deprivation of a vested property right cannot be dismissed at this stage because questions of fact remain as to Plaintiff's allegations that her termination violated both procedural and substantive due process.

To state a claim for a violation of procedural due process, Plaintiff must allege facts showing that (1) "she was deprived of a liberty or property interest protected by the due process clause," and (2) "she was deprived of that interest without constitutionally adequate process." *LaCroix v. Marshall Cnty., Mississippi*, 409 F. App'x 794, 803 (5th Cir. 2011). Here, it is undisputed that Plaintiff had a valid property interest in her employment, of which she was deprived upon her termination. However, questions remain as to whether Plaintiff received constitutionally adequate process before her termination. The minimum requirements for pre-termination notice are "oral or written notice of the charges against [the employee], an explanation of the employer's evidence, and an opportunity to present [the employee's] side of the story." *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988). While it is undisputed that Plaintiff received notice of her pre-termination hearing and appeared at the hearing to present her side of the story, Plaintiff asserts that the notice was insufficient because it did not apprise her of Michel's allegation that Plaintiff had stolen an iPhone, which was used against her at the hearing. Thus, Plaintiff alleges, she was not informed of the evidence against her and could not prepare to defend herself against this allegation. Moreover, though defects in pre-termination process may be "cured by subsequent post-termination proceedings that include[] written notice of the charges and a public hearing," Plaintiff alleges that the post-termination hearing by the Civil Service Commission also lacked sufficient notice of all the allegations against her and merely constituted

10

a "rubber stamp" approval of her termination. *Thompson v. Bass*, 616 F.2d 1259, 1266 (5th Cir. 1980). Due to these factual disputes, which require further fact development, the Court cannot determine at this stage whether Plaintiff received procedural due process.

Questions of fact also remain as to whether Plaintiff received substantive due process. To state a claim for a violation of substantive due process, Plaintiff must show that "the public employer's termination of [her employment] was arbitrary or capricious." *Harrington v. Harris*, 118 F.3d 359, 368 (5th Cir. 1997). This means the decision "so lacked a basis in fact that it could be said to have been made without professional judgment." *Jones v. Louisiana Bd. of Sup'rs of Univ. of Louisiana Sys.*, 809 F.3d 231, 240 (5th Cir. 2015) (internal quotations omitted). Plaintiff alleges that her termination was partly based on a false allegation by Michel that Plaintiff had stolen an iPhone and that her termination hearings did not engage in a substantive review but merely carried out a predetermined decision to terminate her based on animus. Michel denies Plaintiff's allegations. Thus, there is a factual dispute over whether Plaintiff's termination lacked a basis in fact, which would make it arbitrary and capricious. Without further fact development, the Court cannot determine at this stage whether Plaintiff received substantive due process.

### b. *Qualified Immunity*

The Court finds that questions of fact remain as to whether Michel is protected by qualified immunity. Qualified immunity does not protect government officials who were "plainly incompetent or . . . knowingly violate[d] the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). In response to Michel's claim of qualified immunity, Plaintiff must show that Michel "committed a constitutional violation" and that his "actions were objectively unreasonable in light of the law that was clearly established at the time of the actions." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). Plaintiff has alleged that Michel made misrepresentations in a letter to

11

the EEOC, presented false allegations at Plaintiff's termination hearings, and took these actions to target Plaintiff based on her race and gender. Michel denies Plaintiff's allegations. Thus, there is a factual dispute as to whether Michel's actions constituted a constitutional violation and were objectively unreasonable in light of clearly established law, and as to whether Michel knowingly violated the law. Without further factual development, the Court cannot determine at this stage whether Michel is entitled to qualified immunity.

### c. Hacking Under Louisiana Law

The Court finds that "social media hacking" does not exist as a tort providing civil remedies under Louisiana law and that Plaintiff's claim for "social media hacking" against Jones must be dismissed. Louisiana's statute prohibiting hacking, La. R.S. 14:73.10, is a criminal statute and contains no provision for any civil remedy. Further, the four factors for determining "whether a private remedy is implicit in a statute not expressly providing one" do not indicate that a private remedy is implicit here. *Cort v. Ash*, 422 U.S. 66, 78 (1975). First, it does not appear that Plaintiff is a member of any "class for whose especial benefit the statute was enacted." *Id.* Second, there has been no indication of legislative intent to create an implied civil remedy for hacking. *Id.* Third, it is not "consistent with the underlying purposes of the legislative scheme" to infer a civil remedy, given that the statute is clearly intended to establish a criminal offense. Fourth, the proposed cause of action, a tort of "social media hacking," is "one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law" because tort law is generally relegated to the states. *Id.*

Moreover, courts have often dismissed civil claims premised on the violation of a criminal statute that includes no mention of civil liability. *See, e.g., Payton v. Bizal*, No. CV 20-

12

1780, 2021 WL 430688, at *3 (E.D. La. Feb. 8, 2021) (noting that "[a] private citizen lacks standing to enforce a criminal statute in a civil action."); *Conner v. Orleans Par. Sheriff's Off.*, No. CV 19-561, 2019 WL 4393137, at *6 (E.D. La. Sept. 13, 2019) (finding that "Plaintiff's purported claims for stalking and cyberstalking are no more than mere labels of causes of action, which will not suffice"); *Kwan-Tai Corp. v. Mastercraft Printers, Inc.*, No. CIV. A. 00-3160, 2001 WL 487329, at *2 (E.D. La. May 7, 2001) (dismissing claims because "there is no civil remedy for violation of criminal statutes."). The same result is appropriate here. The Court finds no indication that Louisiana law provides a civil remedy for the tort of "social media hacking." Therefore, Plaintiff's claim against Jones for "social media hacking" must be dismissed. However, Plaintiff shall have leave to file a supplemental amended complaint to plead any claims based on Plaintiff's allegation that Jones made false statements against Plaintiff resulting in Plaintiff's termination.

### d. Conspiracy to Interfere with Civil Rights Under 42 U.S.C. § 1985

The Court finds that Plaintiff's claim against the City for conspiracy to interfere with civil rights under § 1985 cannot be dismissed at this stage due to remaining questions of fact. Plaintiff must prove four elements of this claim:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983). There are genuine disputes as to each of these elements. Plaintiff alleges that the City acted as an oversight body for grievances filed by OIG employees and that the City investigated certain allegations that the OIG used against Plaintiff in her termination

proceedings. Thus, Plaintiff alleges, the City participated in a conspiracy to use false or misleading allegations as a pretext to terminate Plaintiff when her termination was actually motivated by race or gender animus. This would constitute a conspiracy that deprived Plaintiff of "the equal protection of the laws," and acts by the City in investigating these allegations could be "in furtherance of the conspiracy." *Id.* The City denies Plaintiff's allegations and asserts that the limited nature of its involvement in the OIG's personnel decisions precludes any conspiracy. Thus, there is a factual dispute as to whether the City could have participated in a conspiracy to deprive Plaintiff of equal protection of the law and deprive her of a property right by terminating her. Accordingly, it would be inappropriate to dismiss Plaintiff's claim at this stage without further factual development.

V. **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Defendants Michel and Jones's Motion to Dismiss, R. Doc. 21, is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted as to Plaintiff's claim against Jones for "social media hacking," but denied as to Plaintiff's other claims. Plaintiff shall have leave to file an additional amended complaint asserting any claims against Jones based on Plaintiff's allegation that Jones made false statements that caused Plaintiff's termination and shall file any amended complaint by July 14, 2022.

**IT IS FURTHER ORDERED** that Defendant City of New Orleans's Motion to Dismiss, R. Doc. 22, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss regarding Plaintiff's first Complaint, R. Docs. 12 and 13, are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that all Defendants shall have until July 23, 2022 to file answers to Plaintiff's claims.

New Orleans, Louisiana, this 23rd day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE