UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MORALES** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 21-1992** |
| **CITY OF NEW ORLEANS, OFFICE OF OIG THROUGH ED MICHEL, INTERIM INSPECTOR GENERAL, AND BOBBIE JONES** | *<br>* | **SECTION "L" (5)** |

**ORDER AND REASONS**

Before the Court is Defendants Office of the Inspector General (OIG), Ed Michel, and Bobbie Jones' (collectively "Defendants") Motion for Summary Judgment. R. Doc. 59. Plaintiff has responded in opposition. R. Doc. 62. Having considered the briefing and the applicable law, the Court now rules as follows.

**I.     BACKGROUND**

This case involves alleged employment discrimination by the Office of Inspector General ("OIG") of the City of New Orleans (the "City"). Plaintiff Kristen Morales alleges that she was employed as a criminal investigator for the OIG from April 18, 2011 until her termination on January 7, 2021. R. Doc. 53 at 4–6. Plaintiff alleges that she was wrongfully terminated in retaliation for filing a charge of discrimination, opposing discriminatory and unethical practices, and reporting violations of state and federal law. *Id.* at 17. Plaintiff further alleges that, prior to her termination, she was suspended without pay starting on December 14, 2020, and was otherwise subjected to a hostile work environment and intentionally harassed as Defendants sought to wrongfully discipline and terminate her. *Id.* at 6. Plaintiff alleges that the retaliation began after she lodged internal complaints in January 2019 claiming that she was treated differently from her male colleagues, including by being required to maintain a certification but not receiving a

1

corresponding pay increase. *Id.* at 7. Plaintiff also alleges that Ed Michel ("Michel"), the Interim Inspector of the OIG and Plaintiff's supervisor, contributed to her wrongful termination by falsely claiming that Plaintiff had stolen an iPhone, and that Bobbie Jones ("Jones"), an information technology specialist in the OIG, contributed by hacking into Plaintiff's private Facebook account and downloading information. *Id.* at 21–22. Plaintiff asserts claims against the OIG for (1) retaliation under Title VII, 42 U.S.C. § 20003-3(a); (2) conspiracy to violate human rights under La. R.S. § 51:2256; (3) violation of the Louisiana Whistleblower Act, La. R.S. § 23:967; (4) deprivation of a vested property right under 42 U.S.C. § 1983; (5) disparate treatment based on gender and race under Title VII, 42 U.S.C. § 2000e-2(a); (6) violations of 42 U.S.C. §§ 1981 and 1983; (7) discrimination based on gender and race under the Louisiana Employment Discrimination Law, La. R.S. § 23:301 et seq.; and (8) conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3). *Id.* at 26-36. Plaintiff brings her claim for deprivation of a vested property right under 42 U.S.C. § 1983 against Michel in addition to the OIG. *Id.* at 30–32. She also asserts claims against Bobbie Jones for violation of the Louisiana Unfair Trade Practice Act, La. R.S. § 51:1405(a), *et. seq.*, and for intentional infliction of emotional distress under Louisiana law. *Id.* at 36–39.

Plaintiff asserts that she has satisfied all administrative prerequisites for filing suit under Title VII and the Louisiana Employment Discrimination Law. *Id.* at 2–3. Plaintiff avers that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 23, 2020 and filed an amended charge of discrimination on May 10, 2021. *Id.* Plaintiff further avers that the Civil Rights Division of the Department of Justice issued a Notice of Right to Sue on July 30, 2021. *Id.*

Plaintiff seeks compensatory damages for mental anguish and emotional distress; back pay; loss of future earnings and earning capacity; and loss of benefits. *Id.* at 39–40. Plaintiff also seeks punitive damages and attorneys' fees. *Id.*

## II.     PRESENT MOTIONS

Defendants now move this court to grant summary judgment in their favor dismissing all of Plaintiffs claims against them. R. Doc. 59. Defendants argue that Plaintiff's claims are barred by collateral estoppel and res judicata. *Id.* at 1. They assert that all of Plaintiff's claims arise from her suspension and termination with the OIG, and that Plaintiff has already appealed that suspension and termination to the New Orleans Civil Service Commission (NOCSC), which held that Plaintiff was properly suspended and terminated. *Id.* The NOCSC decision was then upheld by the Louisiana Fourth Circuit Court of Appeals and the Louisiana Supreme Court. *Id.* at 1–2. Accordingly, Defendants argue that there is a binding and final state court judgment upholding Plaintiff's suspension and termination, which ultimately bars Plaintiff from bringing the claims she seeks to raise in this matter under the doctrines of collateral estoppel and res judicata. *Id.*

In opposition, Plaintiff asserts that the claims she raises here are not barred by collateral estoppel and res judicata because they were not adjudicated in the NOCSC proceeding. R. Doc. 62 at. 10

## III. APPLICABLE LAW
### A.  Summary Judgment

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the

motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When a party seeks summary judgment on an affirmative defense, the movant "must establish beyond peradventure all of the essential elements" of the defense to warrant judgment in his favor. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

**B. Res Judicata and Collateral Estoppel**

The doctrine of res judicata provides that once a final judgment on the merits has been entered in a case, the parties and their privies are precluded from relitigating claims that were or could have been raised in that case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted). "When a federal court is asked to give res judicata effect to a state court judgment, the federal court must determine the preclusiveness of that state court judgment under the res judicata principles of the state from which the judgment originates." *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). Here, as the preclusive judgment arises from Louisiana state court, La. R.S. § 13:4231 sets forth the requirements of res judicata:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the

>   subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
>   (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Louisiana law "embraces the broad usage of the term 'res judicata' to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel)." *Henkelmann v. Whiskey Island Pres., LLC*, 145 So. 3d 465, 470 (La. Ct. App. 1 Cir. 2014). Claim preclusion (res judicata) and issue preclusion (collateral estoppel) are distinct principles. Under claim preclusion or res judicata, a "judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action." *Id.* Res judicata applies when (1) there is a prior valid judgment; (2) the prior judgment is final; (3) the parties in the prior suit and the present suit are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Gabriel v. Lafourche Parish Water Dist.*, 112 So. 3d 281, 284 (La. Ct. App. 1 Cir. 2013) (citing *Burguieres v. Pollingue*, 843 So. 2d 1049, 1053 (La. 2003)).

Under issue preclusion or collateral estoppel, "once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties." *Henkelmann*, 145 So. 3d at 470. The criteria used to determine whether a party is precluded from relitigating an issue are: (1) whether the issue at stake is identical to the one involved in the prior litigation, (2) whether the issue was actually litigated, and (3) whether the determination of the issues was necessary to the judgment in the prior litigation. *McDonald v. Cason*, 801 So. 2d 1255, 1262 (La. App. 3 Cir. 2001).

IV. **DISCUSSION**

The parties do not dispute that all of Plaintiff's claims asserted in state and federal court arise from Plaintiff's suspension and termination by the OIG. Because the NOCSC ruled that Plaintiff's suspension and termination were proper, and because that decision was upheld by the Louisiana Fourth Circuit and the Louisiana Supreme Court, Defendants argue that Plaintiff is barred by res judicata from raising claims which, for her to prevail, would require her to show that her suspension and termination were in some way improper. R. Doc. 59-1 at 10–15. On the other hand, Plaintiff argues that the specific claims she seeks to bring in this suit were not or could not have been previously litigated in state court. R. Doc. 62.

In it clear that, under Louisiana law, "the [NOCSC] has exclusive jurisdiction over classified civil service employer-employee disputes that are employment related." *Simon v. Bd. of Comm'rs*, 2004-0368 (La. App. 4 Cir. 05/12/04); 875 So. 2d 102, 104 (citing La. Const. art. 10, sec. 10(A)(1); *Eberhardt v. Levasseur*, 630 So. 2d 844 (La. App. 4 Cir. 1993)). The Louisiana Constitution vests the NOCSC with the "exclusive power and authority to hear and decide all removal and disciplinary cases" for classified employees like Plaintiff. *See* La. Const. art. 10, sec. 12(B). "The entire thrust of the exclusive jurisdiction grant is to preclude district courts from having concurrent jurisdiction with the [NOCSC] over classified civil service employer-employee disputes." *Russo v. Jefferson Par. Water Dep't*, No. 96-2134, 1998 U.S. Dist. LEXIS 444, at *18 (E.D. La. Jan. 16, 1998) (internal quotations omitted). Because the Civil Service Commission has exclusive jurisdiction to hear employment-related disputes, "a civil service employee must first successfully challenge his termination with the [NO]CSC before he can pursue damages or a money judgment in district court." *Winn v. New Orleans City*, No. 12-1307, 2015 WL 10713690 at *4 (E.D. La. Jan. 14, 2015), *aff'd sub nom. Winn v. City of New Orleans*, 620 F. App'x 270 (5th

Cir. 2015) (quoting *Johnson v. Bd. of Supervisors of La. State Univ.*, 45105 (La. App. 2 Cir. 03/03/10); 32 So. 3d 1041, 1047).

*Winn v. New Orleans City* is controlling here. In *Winn*, the Fifth Circuit upheld the district court's dismissal of a similar civil rights claim. 620 F. App'x 270 (5th Cir. 2015). there, a New Orleans Police Officer was terminated and appealed his termination to the NOCSC, which determined that the termination was proper. The Louisiana Fourth Circuit affirmed. The officer then filed a Section 1983 claim against the New Orleans Police Department alleging that he had been terminated in retaliation for exercising his First Amendment rights. The federal district court ruled that the officer's claim was barred by res judicata because, in order to prevail on that claim, the officer would need to show that the exercise of his First Amendment rights was the reason for his termination, and the reason for the officer's termination had already been adjudicated otherwise in state court. *Winn*, WL 10713690, at *4; *see also Hughes v. Arveson*, 924 F. Supp. 735, 737-38 (M.D. La. 1996) (holding that a plaintiff's Section 1981 claim was barred by res judicata because she could have raised her allegation of race discrimination before the Civil Service Commission); *Paz v. City of Houston*, 748 F. Supp. 480, 486 (S.D. Tex. 1990) (holding that state court judgment affirming decision of Civil Service Commission was res judicata of constitutional claims raised by police officer in subsequent federal litigation).

The same is true in this case. Plaintiff argues that her suspension and termination were discriminatory and/or retaliatory. But the state court proceedings in this matter have already established that Plaintiff was fired based on her own action of giving away an iPhone owned by the OIG to a private citizen. As the Fifth Circuit held in *Winn*, the Louisiana Fourth Circuit's holding that Plaintiff was terminated for legal cause "implicitly and necessarily rejects" any

7

contention that Plaintiff "was terminated for improper reasons." 620 F. App'x at 273.[1] Accordingly, this issue is precluded. This renders irrelevant Plaintiff's argument that her exact claims raised here were not or could not have been raised before in state court: Plaintiff cannot prove an essential element of her claims because the issue of the reason for her termination is precluded. Therefore, summary judgment for Defendants must be entered on those claims.

V.     CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment, R. Doc. 59, is hereby **GRANTED**.

New Orleans, Louisiana, this 29th day of March, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff attempts to distinguish *Winn* by arguing that *Winn* dismissed a free-speech retaliation claim, and, here, she is not alleging free speech retaliation. R. Doc. 62 at 10. But nothing in *Winn* limits its holding to free-speech retaliation claims; its reasoning applies equally to the civil rights claims Plaintiff seeks to raise here.