EEOC Form 5 (11/09)

| | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>**461-2021-00224** |

**LOUISIANA COMMISSION ON HUMAN RIGHTS** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**MS. KRISTEN M MORALES** | Home Phone<br>**(504) 444-1754** | Year of Birth |
|---|---|---|

Street Address | City, State and ZIP Code

[redacted]

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name<br>**CITY OF NEW ORLEANS** | No. Employees, Members<br>**501+** | Phone No.<br>**(504) 658-8613** |
|---|---|---|

Street Address | City, State and ZIP Code
**OFFICE OF INSPECTOR GENERAL, 1300 PERDIDO STREET, SUITE 9E06, NEW ORLEANS, LA 70112**

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address | City, State and ZIP Code

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **01-15-2019**   Latest **11-16-2020**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I have been employed by the above-referenced employer since April 2011 and work in the capacity of Criminal Investigator 4 in the Office of Inspector General and I am the only Female on my team. In or around late 2018, I made an in-house complaint about being treated differently than Male colleagues (Michael Centola, Terence Barrett, Gordon Hyde). Immediately afterwards, progressive retaliation followed. I also reported a hostile work environment and belief that I am being discriminated against to my supervisors through the grievance process and an EEO internal complaint, but have not received any assistance related to my complaints. Instead, I have been admonished, my reputation harmed, and treated more harshly than my colleagues. I have been subjected to discipline that was not warranted and treated more severely than other employees of a different gender and/or ethnicity than myself. I believe the actions taken against me or lack thereof were done in retaliation for advising of illegal and unethical practices including discrimination at my place of work. More recently, I was denied a 5% pay increase on May 15, 2020 (that was approval by Assistant Inspector General of Criminal Investigations Ed Michel and Inspector General**

I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Digitally signed by Kristen Morales on 11-23-2020 02:53 PM EST**

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

Morales MSJ Opp Exhibit 2

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>461-2021-00224 |
|---|---|---|

**LOUISIANA COMMISSION ON HUMAN RIGHTS** and EEOC
*State or local Agency, if any*

**Derry Harper for obtaining a certification that is related to my field). However, my two Male colleagues were approved for pay increases with the same certifications I submitted. Also, Michel (retired FBI) removed me from a case on August 6, 2020 that I worked on for over 7 years. On September 1, 2020, I received a written reprimand and it appears that any and everything is being done to get me to quit or be terminated.  I am a civil servant and currently appealing the letter of reprimand. It has been documented that I am being treated less favorably than my Male colleagues but no action is being taken to address the matter. I was removed from working on a federal case for which I was the assigned criminal investigator for several years after reporting unethical behavior by several New Orleans FBI Agents. OIG Management did not inform me or notify that I was removed from the case. I learned from the Assistant United States Attorney (Tracey Knight) that I was removed from the case. Knight stated that she was told by FBI Agent Samira Marigny that I was removed. When I asked the Chief of Criminal Investigations, Michael Centola, he stated that he had no idea I was removed. I contacted Inspector General, Derry Harper and he stated that he did not authorize my removal. Centola then asked me if I could do some work for the case (analyze the evidence I collected and put into a report) because there was a subject interview the next day at the AUSA's office, that he would be attending instead of me. I requested that since I was removed from the case, and still do work on the case, to put it in writing. Centola refused, stating he was not going to do that. I explained to him that this was unfair to me because I was removed from the case for no reason, yet work was still being requested of me, but it could not be documented. On September 9, 2020, Inspector General Harper emailed Criminal Investigations Management, General Counsel, and myself, stating: 'All, Until further notice from me, Investigator Kristen Morales remains assigned to the Safety and Permit and Hard Rock cases for any and all investigative activities that arise, including any tasks which Assistant United States Attorneys Tracey Knight, Jordan Ginsberg and/or Andre Lagarde may request her assistance. This decision is not conditioned on any anticipated future discussions with our federal partners. Please contact me immediately if you have any questions or wish to discuss this matter further.' As of this date, Interim Inspector General, Ed Michel has not allowed me to work on the Safety and Permits case. He did not follow orders nor has he allowed me to participate in the interview process.**

**No one has provided me with an explanation as to why I was ever removed in the first place. I believe that I am being discriminated against because of my race (White)(Cuban), sex (Female), and retaliation for complaining about discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. The lack of control I have and/or the delays in my work make it appear that I am negligent in my duties, giving my employer a reason to eventually terminate me.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Kristen Morales on 11-23-2020 02:53 PM EST** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

Morales MSJ Opp Exhibit 2

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.    FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

**2.    AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.    PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.    ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.    WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Morales MSJ Opp Exhibit 2

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 461-2021-00224 (Amended Charge) |

**LOUISIANA COMMISSION ON HUMAN RIGHTS** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Kristen M. Morales | [redacted] | [redacted] |

| Street Address | City, State and ZIP Code |
|---|---|
| [redacted] | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| CITY OF NEW ORLEANS | 501+ | (504) 658-8613 |

| Street Address | City, State and ZIP Code |
|---|---|
| OFFICE OF THE INSPECTOR GENERAL, 1300 PERDIDO STREET, SUITE 9E06, NEW ORLEANS, LA 70112 | |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 2019-01-15   Latest: 2021-01-07
☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I have been employed by the above-referenced employer since April 2011 and work in the capacity of Criminal Investigator 4 in the Office of Inspector General and I am the only Female on my team. In or around late 2018, I made an in-house complaint about being treated differently than Male colleagues (Michael Centola, Terence Barrett, Gordon Hyde). Immediately afterwards, progressive retaliation followed. I also reported a hostile work environment and belief that I am being discriminated against to my supervisors through the grievance process and an EEO internal complaint. I have been admonished, my reputation harmed, and treated more harshly than my colleagues. I have been subjected to discipline that was not warranted and treated more severely than other employees of a different gender and/or ethnicity than myself. I believe the actions taken against me or lack thereof were done in retaliation for advising of illegal and unethical practices including discrimination at my place of work. More recently, I was denied a 5% pay increase on May 15, 2020 (that was approval by Assistant Inspector General of Criminal Investigations Ed Michel and Inspector General Derry Harper for obtaining a certification that is related to my field). However, my two Male colleagues were approved for pay increases with the same certifications I submitted. Also, Michel (retired FBI) removed me from a case on August 6, 2020 that I worked on for over 7 years. On September 1, 2020, I received a written reprimand and it appears that any and everything is being done to get me to quit or be terminated. I am a civil servant and currently appealing the letter of reprimand. It has been documented that I am being treated less favorably than my Male colleagues but no action is being taken to address the matter. I was removed from working on a federal case for which I was the assigned criminal investigator for several years after reporting unethical behavior by several New Orleans FBI Agents. OIG Management did not inform me or notify that I was removed from the case. I learned from the Assistant United States Attorney (Tracey Knight) that I was removed from the case. Knight stated that she was told by FBI Agent Samira Marigny that I was removed. When I asked the Chief of Criminal Investigations, Michael Centola, he stated that he had no idea I was removed. I contacted Inspector General, Derry Harper and he stated that he did not authorize my removal. Centola then asked me if I could do some work for the case (analyze the evidence I collected and put into a report) because there was a subject interview the next day at the AUSA's office, that he would be attending instead of me. I requested that since I was removed from the case, and still do work on the case, to put it in writing. Centola refused, stating he was not going to do that. I explained to him that this was unfair to me because I was removed from the case

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 05/10/2021     Kristen M Morales<br>Date           Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

Morales MSJ Opp Exhibit 2

|  |  |
|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:    Agency(ies) Charge No(s):<br>☐ FEPA<br>☒ EEOC    461-2021-00224 (**Amended Charge**)<br>and EEOC |

State or local Agency, if any

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

requested of me, but it could not be documented. On September 9, 2020, Inspector General Harper emailed Criminal Investigations Management, General Counsel, and myself, stating: 'All, Until further notice from me, Investigator Kristen Morales remains assigned to the Safety and Permit and Hard Rock cases for any and all investigative activities that arise, including any tasks which Assistant United States Attorneys Tracey Knight, Jordan Ginsberg and/or Andre Lagarde may request her assistance. This decision is not conditioned on any anticipated future discussions with our federal partners. Please contact me immediately if you have any questions or wish to discuss this matter further.' As of this date, Interim Inspector General, Ed Michel has not allowed me to work on the Safety and Permits case. He did not follow orders nor has he allowed me to participate in the interview process.

No one has provided me with an explanation as to why I was ever removed in the first place. I advised that I believed I was being discriminated against because of my race (White)(Cuban), sex (Female), and retaliation for complaining about discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. The lack of control I have and/or the delays in my work make it appear that I am negligent in my duties, giving my employer a reason to eventually terminate me.

After I filed my charge of discrimination on November 23, 2020, I was retaliated against for filing the charge. I was subjected to a compelled interview on December 1, 2020, where I was questioned about my domicile, an iphone that was donated to an employee in the building in 2015 or 2016, job duties, and a trip I took with a family friend to the Heisman Ceremony in December of 2020. On December 14, 2020, I was called into the office and advised that I was being suspended without pay for 30 days pending investigation. My superiors refused to tell me the reason for my suspension and stated that the letter would be provided within five days. I received the suspension letter on December 17, 2020, which indicates that I was being suspended for six alleged violations of policy, including: (I) giving an iPhone, which was purchased and owned by the Office of Inspector General (OIG), to a private individual who has no official connection to the OIG nor the City of New Orleans, which violates Policy Memorandum 60(R), Policy Memorandum 83(R), Policy Memorandum 109(R) and Louisiana law; (II) a second violation of Policy Memorandum No. 83(R) Standards of Behavior for City Employees, this time by improperly invading the personal space of William A. Bonney, which is particularly egregious during the current COVID-19 pandemic; (III) accepting a valuable gift for personal benefit in violation of Policy Memorandum 83(R) and potentially the Louisiana Rules of Governmental Ethics; (IV) failing to adhere to the domicile requirements for city employees, which is a violation of Policy Memorandum I9(R); (V) failing to adhere to professional standards, repeated and consistent instances of insubordination and failing to follow directives issued by your supervisors, which violate Policy Memorandum 83(R); (VI) retaliating and threatening retaliation against other employees who reported your perceived misconduct and policy violations, which also violates Policy Memorandum 83(R).

On December 17, 2020, I filed a civil service appeal to the suspension. On December 22, 2020, the OIG provided its position statement to the original charge filed in November. The OIG's statement includes information related to my suspension but at that point in time I had not been given the opportunity to provide information and documentation in support of my claim that I did not violate any of the policy violations claimed.

On January 7, 2021, I presented evidence in support of my innocence at a pre-hearing termination. I was fired immediately thereafter. The termination was effective January 7, 2021, and included the exact claims and allegations included in the suspension letter. It was later discovered that an investigation was opened against me without the Inspector General's knowledge, which is a policy violation. Additionally, during the first day of the civil service hearing for my termination it came to light that the OIG interviewed my landlord who confirmed that I lived in New Orleans on Jewel street and that the OIG did not attempt to verify the information and documentation I provided at the pre-termination hearing until after I was terminated. Furthermore, the OIG provided me with documents it used in support of the allegations for termination and suspension. One of the documents provided as a reason for termination under number VI, retaliating and threatening retaliation against other employees who reported your perceived misconduct and policy violations, was a copy of the memo from the CAO's office advising the OIG of the charge filed with the EEOC.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>**SIGNATURE OF COMPLAINANT** |
| I declare under penalty of perjury that the above is true and correct. | |
| 05/10/2021    **Kristen M Morales**<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

Morales MSJ Opp Exhibit 2

Continuation of Charge of Discrimination   Agency Charge No(s): 461-2021-00224 (Amended Charge)

      I am currently awaiting the decision on the letter of reprimand for my civil service appeal that went to hearing on January 22, 2021. During the hearing Centola, Bonney and Michel all testified that prior to issuing discipline against me for failure to enter my time into wingswept, they checked wingswept to see if I was the only employee missing time during the period identified. I presented evidence that impeached the witnesses and showed that multiple employees had time missing in wingswept at the same time as I did, for which I was the only one being disciplined. Co-workers Criminal Investigator IV, Terrence Barrett also was missing time and was not disciplined. Bonney and Centola also missing time for same period.

      I believe that I have been discriminated against in violation of Title VII based on my race/national origin Cuban, and sex, female. I believe that I have been retaliated against for filing an EEOC charge of discrimination, and wrongfully suspended and terminated. I advised the OIG on multiple occasions that I felt I was being discriminated against, harassed, subjected to retaliation and that the OIG's actions were in violation of the law, to no avail.