UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MORALES** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 21-1992** |
| **CITY OF NEW ORLEANS, OFFICE** | * | **SECTION "L" (5)** |
| **OF OIG THROUGH ED MICHEL,** | | |
| **INTERIM INSPECTOR GENERAL,** | * | |
| **AND BOBBIE JONES** | | |

## <u>ORDER AND REASONS</u>

Before the Court is Defendants' Motion for Attorneys' Fees. R. Doc. 82. Plaintiff has responded in opposition. R. Doc. 85. Having considered the briefing and the applicable law, the Court rules as follows.

### I.      BACKGROUND

This case involves alleged employment discrimination by the Office of Inspector General ("OIG") of the City of New Orleans (the "City"). Plaintiff Kristen Morales alleged that she was employed as a criminal investigator for the OIG from April 18, 2011 until her termination on January 7, 2021. R. Doc. 53 at 4–6. Plaintiff alleged that she was wrongfully terminated in retaliation for filing a charge of discrimination, opposing discriminatory and unethical practices, and reporting violations of state and federal law. *Id.* at 17. Plaintiff further alleged that, prior to her termination, she was suspended without pay starting on December 14, 2020, and was otherwise subjected to a hostile work environment and intentionally harassed as Defendants sought to wrongfully discipline and terminate her. *Id.* at 6.

Defendants moved for summary judgment on Plaintiff's claims, arguing that they were barred by collateral estoppel and res judicata because they all arose from her suspension and termination with the OIG, which Plaintiff had already unsuccessfully appealed to the New Orleans

Civil Service Commission (NOCSC), whose decision was upheld by the Louisiana Fourth Circuit Court of Appeals and the Louisiana Supreme Court. The Court agreed, holding that because there is a binding and final state court judgment upholding Plaintiff's suspension and termination, Plaintiff's claims were barred by collateral estoppel and res judicata. R. Doc. 66. Accordingly, the Court granted Defendants' motion for summary judgment and entered judgment in this matter in Defendants' favor. R. Doc. 73.

## II.    DISCUSSION

Defendants now move this Court to grant them a total of $161,447.94 in attorneys' fees and expert costs. Ten of the twelve counts which Plaintiff asserted against Defendants permit recovery of attorneys' fees by a prevailing defendant. R. Doc. 82-1 at 1.

As is relevant here, Plaintiff asserted claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985. Under 42 U.S.C. § 1988, a district court may award reasonable attorneys' fees to the prevailing party in a Section 1981, 1983, and/or 1985 case, so long as the prevailing party is not the United States. 42 U.S.C. § 1988(b). However, "prevailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless." *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009) (quoting *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998)).

Plaintiff also asserted Title VII claims for retaliation, gender-based discrimination, and race-based discrimination. Under Title VII, the district court may award reasonable attorneys' fees to the prevailing party, so long as the prevailing party is not the United States. 42 U.S.C. § 2000e-5(k). "[T]he Supreme Court has held that a successful defendant can only recover [Title VII] fees if 'the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Autry v. Fort Bend*

*Indep. Sch. Dist.*, 704 F.3d 344, 349 (5th Cir. 2013) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978)).

Similarly, Plaintiff asserted Louisiana state law claims under La. R.S. 23:301, La. R.S. 23:967, and La. R.S. § 51:1401 *et seq*. Under La. R.S. 23:301(B), "[a] plaintiff found by a court to have brought a frivolous claim under this Chapter shall be held liable to the defendant for reasonable damages incurred as a result of the claim, reasonable attorney fees, and court costs." Under La. R.S. 23:967(D), a court may grant attorneys' fees "[i]f [a] suit or complaint is brought in bad faith or if it should be determined by a court that the employer's act or practice was not in violation of the law." Finally, under La. R.S. § 51:1409(A), a court may grant attorneys' fees "[u]pon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment."

Accordingly, in order to award Defendants the attorneys' fees they seek in this matter, the Court would have to hold that Plaintiff's claims were frivolous, or brought in bad faith or for the purpose of harassment.

Defendants do not argue that Plaintiff's claims were brought in bad faith or for the purpose of harassment. Instead, they argue that Plaintiff's claims and arguments in this matter were frivolous because her claims had already been rejected by the New Orleans Civil Service Commission, the Louisiana Fourth Circuit Court of Appeal, and the Louisiana Supreme Court, and because this Court granted summary judgment to Defendants on the basis that Plaintiff's claims were thus barred by res judicata. R. Doc. 82-1 at 3.

However, as Plaintiff argues, "an award of summary judgment does not, by itself, entitle the defendant to costs and attorney's fees." *Plsharodi v. Valley Baptist Med. Or.*, 393 F. Supp. 2d 561, 578 (S.D. Tex. 2005). Nor does an award of summary judgment in a defendant's favor mean

that the plaintiff's claims were frivolous: it means only that the plaintiff failed to raise a genuine issue of material fact as to an essential element of her claim or claims. Here, while the Court ultimately held that Plaintiff could not prove her claims due to the determination in state court that her termination had not been improper, Plaintiff argued non-frivolously that the claims she sought to bring in this Court either were not raised in the state court proceedings, or could not have been adjudicated in the state court proceedings due to a lack of jurisdiction—and thus that res judicata did not apply. *See* R. Doc. 62 at 10. Unlike the cases cited by Defendants in their motion, this is not a case where the plaintiff sought to bring claims which were clearly duplicative of those already dismissed in another proceeding. *See, e.g.*, *Danielson v. Winnfield Funeral Home of Jefferson, Inc.*, 634 F. Supp. 1110, 1114 (E.D. La. 1986), *aff'd in part sub nom. Dulaney v. Winnfield Funeral Home*, 820 F.2d 1222 (5th Cir. 1987); *Sengupta v. University of Alaska Fairbanks*, 336 Fed. Appx. 751 (9th Cir. 2009); *Grove v. Helena Parking Comm'n*, 2011 WL 2790205, at *5 (D. Mont. July 14, 2011). Plaintiff here did not "refus[e] to acknowledge precedent or assert[] interests which Plaintiff knew were nonexistent." *Pisharodi*, 393 F. Supp. 2d at 578. Plaintiff brought her claims non-frivolously, and in good faith; this Court simply held that she could not prevail on those claims.

As the United States Supreme Court has explained, "assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 422 (1978). Awarding attorneys' fees in a case like Plaintiff's would only serve to chill potentially wronged plaintiffs from attempting to bring their claims and vindicate their rights. Accordingly, the Court declines to award attorneys' fees in this matter.

4

### III.     CONCLUSION

For the foregoing reasons, Defendants' Motion for Attorneys' Fees, R. Doc, 82, is hereby

**DENIED**.


New Orleans, Louisiana, this 14th day of June, 2023.


UNITED STATES DISTRICT JUDGE